# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Santos Loza, Jr. (M-53905), | ) |
| Plaintiff, | ) |
| | ) Case No. 16 C 8111 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| Brad Josephson, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 plaintiff Santos Loza, Jr., a prisoner in state custody, claims that when he was a pretrial detainee at the Will County Adult Detention Facility (WCADF) from 2010 to 2015, he was denied adequate sunlight and outdoor recreation. Defendant Brad Josephson, who is WCADF's warden, moves for partial summary judgment [34], arguing that plaintiff failed to timely exhaust his administrative remedies as to the majority portion of his claim. For the following reasons, defendant's motion is denied.

## Background

The Court constructs the facts from the parties' Local Rule ("L.R.") 56.1 Statements of Material Facts ("SOF"), which assist with "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Both defendant and plaintiff submitted SOFs. Plaintiff responded to defendant's SOF, but defendant did not respond to plaintiff's. For the most part, the parties have complied with L.R. 56.1 by supporting each fact statement and response with citations to the record. Where a party failed to respond to a proposed statement of fact—or failed to properly support his dispute of the

proposed fact with citation to the record—the court may consider the proposed statement to be true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *see also* Fed. R. Civ. P. 56(e). Pursuant to these standards, the following facts are undisputed.

Plaintiff was housed in L-Pod at the WCADF from September 8, 2010, through August 25, 2015, at which time he was transferred to the Illinois Department of Corrections. In L-Pod, plaintiff was denied access to natural light because the window in the dayroom of his housing unit was so filthy that no sunlight could enter through the window. Plaintiff was denied access to fresh air because there was no outdoor recreation area.

Since before 2010, WCADF has had a formalized grievance process that is described in its Inmate Handbook. Inmates are required to follow the grievance procedures set forth in the Inmate Handbook, which includes an express requirement that grievances must be submitted on Inmate Request Form 22 within 48 hours of the occurrence under complaint.

Plaintiff received and reviewed a copy of the Inmate Handbook within the first month of his incarceration. At all times during his incarceration, plaintiff knew that he could submit a grievance using an Inmate Request Form if he had a complaint. In L-Pod, Inmate Request Forms are available on the pod officer's desk in the dayroom, and plaintiff could access them during any time out of his cell. Plaintiff was required to obtain the pod officer's permission to take an Inmate Request Form from the desk, but he was never denied such permission. At all times during his incarceration, plaintiff also had access during his out-of-cell time to the law library computer in L-Pod.

On July 20, 2015, plaintiff submitted an Inmate Request Form complaining about the lack of access to natural light, lack of time outdoors, and lack of out-of-cell exercise facilities in L-Pod. The July 20, 2015 grievance was the first time that plaintiff raised these complaints. When plaintiff submitted the July 20, 2015 grievance, he had been housed in L-Pod for more than four years and ten months (since September 2010). Plaintiff submitted the July 20, 2015, grievance after speaking with another inmate who informed him that the lack of access to outdoor areas and natural light was a violation of the Eighth Amendment.

The Inmate Handbook provides that grievances that do not adhere to the proper procedures, including the 48-hour requirement, will be returned to the inmate. Plaintiff's July 20, 2015 grievance was not returned as untimely, but was instead denied on the merits. The responding WCADF official concluded that the conditions in L-Pod did not constitute a violation of applicable governing policies.

**Legal Standard**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of proving the absence of such a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016).

Analysis

Based on plaintiff's allegations of lack of access to sunlight and inability to exercise during his 5-year incarceration at WCADF, the court allowed plaintiff to proceed in this lawsuit on a conditions-of-confinement claim against defendant. (Dkt. 16.) Defendant now moves for partial summary judgment based on failure to exhaust.

The Prison Litigation Reform Act provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Seventh Circuit requires district courts to interpret the exhaustion requirement "strictly" so inmates "must comply with the specific procedures and deadlines established by the [correctional facility's] policy.'" *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)). "Unexhausted claims are procedurally barred from consideration." *Id*. (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). In other words, before an inmate may proceed with a lawsuit in federal court, he must follow all of the grievance procedures in place at his place of confinement. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). But the burden of proof to demonstrate that the prisoner failed to exhaust his administrative remedies is on the defendant. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Here defendant correctly explains that the following is undisputed: (1) plaintiff was provided with, and understood, WCADF's grievance procedures, which included an express requirement that a grievance form be submitted within 48 hours of the complained-of occurrence; (2) plaintiff was not hindered or impeded from using the grievance process; and (3) plaintiff experienced the complained-of conditions in L-Pod throughout his five-year incarceration at

WCADF, but he waited four years and ten months to file a grievance regarding the conditions. Based on the above, in his opening memorandum of law, defendant originally contended that plaintiff's entire claim should be dismissed for failure to exhaust administrative remedies because plaintiff's July 20, 2015, was untimely. In his reply brief, however, defendant refines his position. Defendant concedes that plaintiff exhausted his administrative remedies for the time period starting from 48 hours before he submitted the July 20, 2015, grievance, *i.e.,* July 18, 2015, through his August 25, 2015, transfer to IDOC – which is a total of 38 days. But defendant argues that due to the WCDAF's regulation that a grievance must be filed within 48 hours of the incident upon which the grievance is based, plaintiff's grievance was insufficient to cover any time period prior to July 18, 2015. Defendant contends that this majority portion of plaintiff's claim should be terminated from this lawsuit.

Plaintiff counters with two arguments. First he makes a "procedural default" argument. He argues that per Seventh Circuit caselaw, a jail's consideration of an arguably untimely grievance on its merits constitutes waiver of the argument that it was untimely. Second, plaintiff makes a "continuing violation" argument. He contends that his claim is in the nature of a continuing violation and thus he is not required to file multiple grievances in order to exhaust the entirety of the claim. Plaintiff explains that his July 20, 2015, grievance gave WCADF notice and an opportunity to address the alleged unconstitutional conditions, which the Jail in fact did. He contends that his grievance therefore exhausted the entirety of his claim. The court addresses each argument below and finds that plaintiff's continuing violation argument is correct.

As to procedural default, "a procedural shortcoming like failing to follow the prison's time deadlines amounts to a failure to exhaust only if prison administrators explicitly relied on that

shortcoming." *See Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005); *see also Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citation omitted) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) ("[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action."). Plaintiff is correct that WCADF did not return or deny his grievance as untimely, despite the fact that the Handbook expressly provides for that procedure, and that WCADF instead addressed its merits. But the court declines to dispose of the exhaustion issue here based on procedural default because the July 20, 2015, grievance was unquestionably timely with respect to at least the prior 48 hours. In other words, WCADF was in fact required to respond to the grievance on its merits at least to some extent.

In any event, the court finds that plaintiff's "continuing violation" argument is dispositive and availing of the exhaustion issue here. The Seventh Circuit has recognized that a continuing violation is a claim where, among other things, "the state actor has a policy or practice that brings with it a fresh violation each day." *Savory v. Lyons*, 469 F.3d 667, 672-73 (7th Cir. 2006) (citations omitted). Claims of persistent adverse prison living conditions have been recognized to be in the nature of a continuing violation. *See, e.g., Hayes v. Schneider*, No. 13-3183, 2015 WL 2406303, at *2 (C.D. Ill. May 18, 2015) (finding that plaintiff's claims of unconstitutional conditions of confinement, taken as a whole, were a continuing violation that accrued on the date

plaintiff was released from county jail). Defendant does not dispute that plaintiff's claim is in the nature of a continuing violation.

In the statute of limitations context, where a plaintiff raises a continuing violation, he can "reach back" to the beginning of the wrong "even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). In the grievance context, however, defendant contends that the rules are different. Defendant argues that the continuing nature of plaintiff's violation allows him to reach *only* forward (defendant concedes that the grievance exhausted plaintiff's claim through the next 38 days, when he was transferred to IDOC). According to defendant, however, no Seventh Circuit case has addressed whether a grievance regarding a continuing violation can reach backwards, as in the statute of limitations context. Defendant cites one Fifth Circuit case and one district court case from Pennsylvania to support his position that a grievance like plaintiff's should not be deemed to reach backwards. *See Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004); *Corbin v. Bickell,* 2014 WL 3590000 (M.D. Pa. Jul. 21, 2004). Defendant argues that to allow otherwise would negate a prison's time limits for grievances and frustrate its interest in reviewing claims when they are fresh.

The court's own research reveals, however, that the Seventh Circuit has indeed addressed this issue in *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), where the court held that a prisoner's grievance regarding a continuing adverse living condition reached both forwards and backwards to exhaust the entirety of his claim. Prisoners need not file multiple grievances when they are complaining about ongoing prison policies; rather a grievance may be sufficient when it

7

provides the authorities with notice and a chance to correct the violation. *Id.*; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In *Turley*, the defendants claimed that the plaintiff's February 2009 grievance was insufficient to exhaust the plaintiff's claims under the 8th Amendment alleging repeated frivolous lockdowns because some of the lockdowns at issue occurred in 2008, and the prison required grievances to be filed within 60 days of the occurrence. *Turley,* 729 F.3d at 650. The Seventh Circuit rejected this argument and found that the plaintiff's grievance exhausted his entire claim regarding unconstitutional lockdowns. *Id.* The court reasoned that one occurrence of notice from the inmate was sufficient to give the prison a chance to correct the problem. *Id.*

In other words, the *Turley* court held that the inmate's grievance regarding a continuing violation reached not only forward, but also backwards for exhaustion purposes, to conduct that technically occurred outside the grievance procedure's deadline. *Id.*; *see also Weiss v. Barribeau*, 853 F.3d 873, 874 (7th Cir. 2017) (noting that a grievance may not be untimely if the grievance dealt with an untreated injury that caused continuous pain). Numerous lower courts in this circuit have indeed expressly recognized this "reaching backwards" aspect of *Turley's* holding. *See, e.g., Nieto v. Dittman*, 2017 WL 3610571, at *2 (W.D. Wis. Aug. 22, 2017) ("the *Turley* court explained that grievances filed more than a year after the condition at issue began would satisfy exhaustion, even though the administrative rules applicable in that case required grievances to be filed within 60 days after the discovery of the incident, occurrence or problem.") (internal quotations and citations omitted); *Ramirez v. Fahim*, 2013 WL 12181943, at *3 (S.D. Ill. Dec. 20, 2013) (same).

Pursuant to *Turley*, which the court finds indistinguishable from the present case, plaintiff's grievance here exhausted his entire claim regarding denied access to natural light and exercise, including for the timeframe prior to 48 hours before the filing of the grievance. *Turley* squarely

contravenes defendant's position that plaintiff's grievance can reach forwards but not backwards, and there is otherwise no support in this circuit for drawing that distinction. In fact, numerous lower courts have rejected timeliness exhaustion arguments like defendant's where the plaintiff was grieving a continuing violation and his grievance thus "reached back." *See, e.g., Nieto,* 2017 WL 3610571, at *2 (plaintiff's grievance about ongoing denial of dental care was not untimely because he waited more than 14 days (the grievance deadline) from initial denial of care to file grievance given that denial of care was a continuing violation); *Thompson v. Illinois Dep't of Corr.*, 2016 WL 11269974, at *5 (S.D. Ill. Dec. 29, 2016) (plaintiff's 2014 grievance exhausted his claim dating back to 2013 about his placement in a cell with unconstitutional living conditions); *Ramirez*, 2013 WL 12181943, at *3 (concluding that prison improperly determined the plaintiff's grievance to be untimely because the plaintiff could have begun the grievance process at any time that the denial of medical care was ongoing); *Wojtaszek v. Litherland*, 2010 WL 7633990, at *5–6 (S.D. Ill. Sept. 1, 2010) (finding that plaintiff's grievance was sufficient to encompass all events regarding the denial of dental treatment, including those that occurred prior to 60 days before the filing of the grievance because "Plaintiff's complaints were about an ongoing problem. Under Seventh Circuit law, this is sufficient."); *Gaines v. Corizon Health*, 2017 WL 2797720, at *5 (S.D. Ind. June 28, 2017) (plaintiff's grievance regarding one instance of being barred from buying personal hygiene items sufficed to exhaust federal claim covering numerous similar occurrences within a three-year period).

The court recognizes that the "reach back" period here – four years and nine months – is quite lengthy. But plaintiff's complaints center around continuing prison conditions, and thus one occurrence of notice from plaintiff was sufficient to give WCADF an opportunity to correct the

9

problem.  The exhaustion requirement's primary purpose, after all, is to alert the jail to the problem and invite corrective action.  *Turley*, 729 F.3d at 650.  WCADF received such notice and declined such invitation (instead denying the grievance on the basis that the Jail's conditions accorded with certain cited policies), so the delay on plaintiff's part is of no practical consequence.

For all these reasons, defendant's partial motion for summary judgment is denied.

## Conclusion

Defendant's motion for partial summary judgment [34] is denied.  This case is set for a status on September 5, 2018, at 9:10 a.m.

**ENTER:** **August 28, 2018**

Robert W. Gettleman
United States District Judge